JEREMIAH PAUL MATTHEWS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9804

April 7, 1978                                        576 P.2d 1125

*Morgan D. Harris,* Public Defender, and *James B. Gibson,* Deputy Public Defender, Clark County, for Appellant.

*George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

---

## OPINION

By the Court, THOMPSON, J.:

Matthews seeks review of a judgment entered on jury verdict which found him guilty of burglary. He contends that he was not sufficiently identified as the burglar; that expert testimony regarding the age of his fingerprints found at the crime scene should not have been received; that error occurred when the judge instructed the jury regarding flight. For reasons hereafter expressed, we affirm his conviction.

1. The identifying witness saw a white male, about 5 feet 10 inches tall, of slight build, wearing dark pants and a white pull-over shirt, run from the burglary scene. He did not see that person's face and was unable positively to identify Matthews as that person. Contrary to the appellant's contention, this is not a fatal defect in proof. When arrested, Matthews fit the description of the person seen fleeing from the scene. Identity is provable by height and clothing. Mathis v. People, 448 P.2d 633 (Colo. 1968); State v. Williamson, 438 P.2d 161 (N.M. 1968). Moreover, Matthews was apprehended near the scene of the crime within a short time of its perpetration, and his finger-prints were found in the store on several items. It was permissible for the jury to conclude that he was the burglar.

2. An expert gave his opinion concerning the age of Matthews' fingerprints found on items in the store, even

though he had not conducted a control test. Had proper objection been made the trial judge presumably would have precluded such opinion. Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965). Objection was not made. Notwithstanding this fact we are asked to find reversible error. We decline to do so. This assigned error was not preserved for appellate review by proper objection at trial. Moss v. State, 88 Nev. 19, 492 P.2d 1307 (1972); Wilson v. State, 86 Nev. 320, 468 P.2d 346 (1970).

3.   The court instructed the jury that the flight of a person after commission of a crime could be considered along with other proven facts in deciding guilt or innocence, and that the significance of such circumstance was for the jury to determine. Flight is relevant since it may demonstrate a consciousness of guilt. People v. Hill, 429 P.2d 586 (Cal. 1967). The instruction was proper since the jury (for reasons stated under point 1) properly could find that the intruder seen running from the store and Matthews was the same person.

Affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.