## OTTO CARR, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10797

February 28, 1980                                                    607 P.2d 114

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Chief Appellate Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Otto Carr of sale of a controlled substance (heroin), a felony under NRS 453.321 and 453.161, and the district court sentenced him to serve a 5-year term of imprisonment. Carr contends the judgment of conviction should be

reversed because, among other things, testimony concerning statements of an alleged coconspirator was hearsay and should not have been admitted.

At the trial, a police officer testified that while he was working in an undercover capacity he went to an apartment in Las Vegas for the purpose of purchasing narcotics. Carr allegedly let him in the apartment, informed him that he was "doing business," and then sold the officer two balloons containing heroin for $30.

Carr raised the defense of duress, and testified that he was induced to make the sale by threats of violence made by Richard Loucious. On rebuttal, the police officer testified that he had purchased heroin from Carr on two subsequent occasions and that the price had increased from $15 to $20 per balloon. The officer was allowed to explain the increase in cost, over defense objections, by recounting statements allegedly made to him by one Freddy Adams to the effect that the increase in price was pocketed by the person who sold the heroin, instead of being turned over to Richard Loucious. Other than the officer's testimony that Adams was supplied with heroin by Loucious, there is no evidence in the record which indicates that a conspiracy existed between Carr and Adams.

Appellant argues that the testimony concerning the alleged statements of Adams was improperly admitted under the coconspirator exception to the hearsay rule[1] because Carr was not charged with conspiracy and there was no evidence that the statements were made in the furtherance of a conspiracy. The admissibility of testimony under the coconspirator exception is not predicated upon a conspiracy charge against the defendant. Cranford v. State, 95 Nev. 471, 596 P.2d 489 (1979). However, before testimony of hearsay statements made by a coconspirator may be admitted, the existence of the conspiracy must be established by independent evidence, Fish v. State, 92 Nev. 272, 274, 549 P.2d 338, 340 (1976), and the statements must have been made "during the course and in furtherance of the conspiracy," NRS 51.035(3)(e). In the instant case, there was no evidence supporting the existence of a conspiracy between Carr and Adams, nor was there any showing that the statements made by Adams were in the course and furtherance of a

---

[1]NRS 51.035 provides, in pertinent part:

" 'Hearsay' means a statement offered in evidence to prove the truth of the matter asserted unless:

". . . .

"3. The statement is offered against a party and is:

". . . .

"(e) A statement by a coconspirator of a party during the course and in furtherance of the conspiracy."

conspiracy. The testimony of the officer as to statements made by Adams was therefore inadmissible hearsay.

Because the hearsay testimony of the police officer directly undermined the defense's theory of the case, we cannot say that "it is apparent that the same result would have been reached," Elsbury v. State, 90 Nev. 50, 54, 518 P.2d 599, 602 (1974), without the improperly admitted evidence. We conclude that the judgment of conviction must therefore be reversed and a new trial granted. In light of this disposition, we need not consider the remainder of appellant's contentions.

Reversed and remanded.