STEVEN SEXTON POTTER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12225

December 8, 1980          619 P.2d 1222

*Morgan D. Harris,* Public Defender, and *Victor John Austin,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of robbery. He first contends that the district court erred by giving a jury instruction on flight. The giving of such an instruction is not error if evidence of

flight has been admitted. *See* Matthews v. State, 94 Nev. 179, 576 P.2d 1125 (1978). Flight is more than merely leaving the scene of the crime. It embodies the idea of going away with a consciousness of guilt and for the purpose of avoiding arrest. Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976); *see e.g.,* Shults v. State, 96 Nev. 742, 616 P.2d 388 (1980) (escape from custody); Matthews v. State, *supra* (running from crime scene); Theriault v. State, *supra* (leaving jurisdiction and using assumed name). In the present case there is no evidence whatsoever that appellant's leaving the robbery scene constituted "flight."[1] The instruction should not have been given.

Nevertheless, the error does not require reversal because a review of the record indicates neither a miscarriage of justice nor prejudice to appellant's substantial rights, Ogden v. State, 96 Nev. 258, 607 P.2d 576 (1980), and it is apparent that the same result would have been reached without the error. *See* Carr v. State, 96 Nev. 238, 607 P.2d 114 (1980).[2]

Appellant also contends that the district court erred by refusing to give jury instructions dealing with the credibility of Sophia Mireles. Appellant argues that Mireles was an accomplice, and that the district court should have given a cautionary instruction as to the character of her testimony. *Cf.* Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968) (testimony of informer; cautionary instruction favored). An accomplice is one who is liable to prosecution for the identical offense charged against the defendant, NRS 175.291(2), or who is culpably implicated in, or unlawfully cooperates, aids or abets in the commission of

---

[1]The state asserts that appellant "probably" ran to a car and sped from the crime scene. Nothing in the record supports this assertion. In fact, the victim specifically testified that appellant *walked* to the car.

[2]The victim of the robbery positively identified appellant at trial. The victim's uncontradicted testimony was that he stopped his car to help a stranded vehicle, and while he was pouring gasoline into the vehicle appellant robbed him. Appellant stood behind the victim and placed an object in the victim's back. Appellant said, "I have a gun." The victim was scared, and at appellant's demand the victim handed over all of his money. The victim's testimony was corroborated by Sophia Mireles, who had known appellant for at least 7 years prior to the incident. Mireles was in the car while appellant robbed the victim. When appellant got back into the car, he told Mireles that he had stuck a comb in the victim's back.

The evidence of a robbery and appellant's identity was uncontradicted, and was very strong. Furthermore, the flight instruction itself stated that the jury must weigh the evidence of flight in connection with "all the evidence introduced in this case." Accordingly, it is apparent that the same result would have been reached without the erroneous instruction.

the crime charged. Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971). In the present case the evidence shows without serious contradiction that Mireles was not an accomplice. *See* Globensky v. State, 96 Nev. 113, 605 P.2d 215 (1980). Furthermore, she was fully cross-examined, and the district court gave a general instruction on factors relating to the credibility of witnesses and the jury's duty to weigh testimony. *See* Buckley v. State, 95 Nev. 602, 600 P.2d 227 (1979).

Affirmed.