ROBERT DURANT MILES, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 12209

March 5, 1981                                        624 P.2d 494

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE JOHN C. MOWBRAY, Justice, who was disqualified. Nev Const. art. 6, § 19; SCR 10.

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant Miles guilty of embezzlement. NRS 205.300. On appeal Miles contends the trial judge committed reversible error when he refused the jury's request to read back portions of testimony, and when he gave a jury instruction on flight absent testimony regarding appellant's actual departure from the scene of the crime. We disagree and affirm.

1. Throughout the trial defense counsel contended that

Jarvis Buie, a state's witness, was the embezzler. After the jury had retired to consider its verdict, a note was sent to the trial judge which read: "Jay Buoy [sic] oral testimony". Buie was the individual relieved from his shift by appellant. The trial judge responded to the jury request by a note which read: "In my opinion, to read back testimony tends to emphasize that testimony over all other testimony in the trial. For that reason, I do not order it."

Defense counsel contends that the trial judge arbitrarily denied the jury's request to have testimony read back, thereby failing to exercise his discretionary duty to consider the request.

A trial judge has wide discretion in the manner and extent of his response to a jury's request during deliberation for reading back testimony. Glaze v. State, 565 P.2d 710 (Okla.Crim. 1977); Garden v. State, 73 Nev. 312, 318 P.2d 652 (1957). In *Glaze,* the trial court refused to read back testimony on the ground that the testimony, taken out of context, might permit the jury to place too much emphasis on a particular part of the testimony. The court refused to find an abuse of discretion considering the brevity of the trial, the small number of witnesses and the adequacy of the instructions. *Glaze, supra* at 714.

Here, the trial judge refused to read back the testimony because it "tends to emphasize that testimony over all other testimony in the trial". The trial lasted two and one-half days, few witnesses testified, and the record indicates the jury was adequately instructed. Considering these facts, the trial judge did not abuse his discretion in refusing to read back Buie's testimony. We do, however, agree with those courts which have held that it cannot be prejudicial to anyone to conduct a reasonable rereading of requested testimony. There is no need to be chary for fear of giving undue prominence to the testimony of a particular witness. Price v. State, 437 P.2d 330 (Alaska 1968); *see also* ABA Minimum Standards, Trial by Jury, § 5.2(b).

2. Over appellant's objection, the trial judge gave an instruction on flight.[1] Appellant argues the evidence is

[1]The challenged instruction reads as follows:

"The flight of a person immediately after the commission of a crime is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine."

insufficient to warrant the giving of a flight instruction, and that a flight instruction can only be given if the circumstances surrounding his actual departure from the scene of the crime are established by the evidence.

We recently held that the giving of a flight instruction is not reversible error if evidence of flight has been admitted. Potter v. State, 96 Nev. 875, 619 P.2d 1222 (1980). However, a flight instruction may give undue influence to one phase of evidence, therefore we will carefully scrutinize it to be certain that the record supports the conclusion that appellant's going away was not just a mere leaving but was with a consciousness of guilt and for the purpose of avoiding arrest. *Potter, supra;* Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976).

Here, appellant came to work and was given custody of $1,000 which was held in a locked cabinet to which he had a key. He asked for and received a paper bag and soon thereafter left his work place without revealing to anyone a reason for his absence. After an hour passed, other employees forced open the untampered lock of the money cabinet and found $729 missing. Miles left the area and was arrested several months later in a neighboring state.

The jury reasonably could have inferred that appellant fled his place of employment to avoid arrest. The test set forth in State v. Rothrock, 45 Nev. 214, 229, 200 P. 525, 529 (1921), and followed in *Theriault, supra,* Mathews v. State, 94 Nev. 179, 576 P.2d 1125 (1978), and *Potter, supra,* is satisfied in this case.

The judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOW-BRAY, JJ., and CHRISTENSEN, D. J.,[2] concur.

---

[2]The Governor designated The Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, to sit in place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.