# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER JEROME DEVOSE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68814

FILED

FEB 23 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge. Appellant Christopher Devose makes numerous challenges to his conviction. After considering each of his claims, we conclude no relief is warranted and affirm his judgment of conviction.

### *Insufficient evidence*

Devose claims that his conviction is not supported by sufficient evidence. "When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution." *Brass v. State*, 128 Nev. 748, 754, 291 P.3d 145, 149-50 (2012); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "'This court will not reweigh the evidence *or* evaluate the credibility of witnesses because that is the responsibility of the trier of fact,'" *Clancy v. State*, 129 Nev. 840, 848, 313 P.3d 226, 231 (2013) (quoting *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d

18-07184

721, 727 (2008)), and "circumstantial evidence alone may sustain a conviction," *Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980).

Here, the State presented evidence that the victim fought with Devose at the apartment they shared. Devose left, went to the nearby apartment of an acquaintance, examined his injured jaw, and then rummaged through the acquaintance's kitchen drawers on his way out of the apartment. Devose returned to his apartment several minutes later with a knife visible in his pocket and said he was going to kill the victim. Devose and the victim fought, and the victim died as a result of a stab wound to the neck. While Devose argues that his actions were in self-defense, this claim was presented to, and rejected by, the jury. Based on the evidence in the record, and viewing that evidence in the light most favorable to the prosecution, we conclude that there is sufficient evidence from which a rational juror could reject Devose's theory of self-defense and find him guilty beyond a reasonable doubt of second-degree murder with the use of a deadly weapon. *See* NRS 200.030(2); NRS 200.200.

*Motion for new counsel*

Devose claims he was denied his Sixth Amendment right to the effective assistance of counsel when the district court denied his motions for new counsel and forced Devose to be represented at trial by an attorney with whom he had irreconcilable differences. "[W]hile a defendant is not entitled to have a particular attorney serve as counsel, if the complete collapse of the attorney-client relationship is evident, a refusal to substitute counsel violates a defendant's Sixth Amendment rights." *Young v. State*, 120 Nev. 963, 968-69, 102 P.2d 572, 576 (2004). "We review the denial of a motion for substitution of counsel for abuse of discretion." *Id.* at 968, 102 P.2d at 576. In so reviewing, we consider "(1) the extent of the conflict; (2) the

adequacy of the [court's] inquiry; and (3) the timeliness of the motion." *Id.* (internal quotation marks omitted).

Devose made an oral motion for new counsel the day before trial, claiming counsel had refused to file motions and failed to locate and investigate witnesses. The district court conducted a thorough inquiry, addressing Devose's concerns with his attorney and establishing what remaining investigation counsel would perform, before denying the motion. Additionally, the district court noted strained communication between Devose and counsel but remarked that the strain was due in part to Devose, as the district court had experienced trouble communicating with and obtaining information from him.

On the first day of trial, Devose filed a motion for new counsel, arguing counsel failed to investigate, prepare for trial, or file requested motions. A hearing was held at the end of the day, and the district court declined to substitute counsel. The next day, the district court referenced the fact that it had been conducting hearings outside the presence of the jury and the State for two days regarding the request for new counsel; and throughout trial the district court conducted many more hearings to address Devose's concerns with counsel and the proceedings. On the seventh day of trial, Devose again filed a motion for new counsel, and the district court again conducted a detailed hearing regarding Devose's concerns. The district court stated its belief, which it felt was grounded in the record, that many of the difficulties between Devose and counsel arose from Devose's own unwillingness to cooperate. "[A] defendant in a criminal case may not, as a matter of law, create a conflict requiring substitution of appointed counsel. . . ." *Id.* at 971, 102 P.3d at 578. Based on the record before this

court, we conclude the district court did not abuse its discretion in denying Devose's motions for new counsel.[1]

*Ineffective assistance of counsel*

Devose claims that, beyond the irreconcilable differences between him and counsel, he received ineffective assistance of trial counsel. This court will not generally address claims of ineffective assistance of counsel on direct appeal, unless there has already been an evidentiary hearing or an evidentiary hearing would be unnecessary given the record. *Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534 (2001). While Devose argues the record is fully developed to demonstrate ineffective assistance of counsel such that this court could address his claims on direct appeal, we disagree. Thus, we decline to address his ineffective-assistance arguments.

*Pretrial and trial error*

First, Devose argues that the district court erred in denying his pretrial motion to exclude the nature of his prior felony convictions.[2] NRS 50.095(1)-(2) allows for the admission of a witness's prior felony conviction that is not more than ten years old in order to attack the witness's credibility. The decision to admit this impeachment evidence "is within the sound discretion of the district court and will not be disturbed unless it is

---

[1]To the extent Devose argues the district court's refusal to grant a continuance violated his constitutional right to self-representation, he presents no cogent argument or relevant authority, and we decline to address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

[2]Devose also argues that the district court's ruling influenced his decision not to testify in his own defense, but he failed to make an offer of proof to the district court outlining his intended testimony and establishing that, but for the district court's ruling, he would have testified, as required pursuant to *Warren v. State*, 121 Nev. 886, 894, 124 P.3d 522, 527 (2006).

manifestly wrong." *Wesley v. State*, 112 Nev. 503, 510, 916 P.2d 793, 798 (1996). Here, after considering argument by both Devose and the State, the district court concluded Devose's 2008 convictions for burglary and robbery would be admissible if he testified, and we discern no error by the district court. *See Wesley v. State*, 112 Nev. 503, 510, 916 P.2d 793, 798-99 (1996); *Yates v. State*, 95 Nev. 446, 449-50, 596 P.2d 239, 241-42 (1979).

Second, Devose claims that the district court erred by allowing the State to impeach its own witness with prior inconsistent statements. NRS 50.075 provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness," and NRS 51.035(2) allows for the admissibility of prior inconsistent statements for impeachment and substantive purposes. While Devose urges this court to adopt federal caselaw that conflicts with the above statutes, we decline to do so. The witness at trial was confronted with her prior statements, which she denied making, and was subject to cross-examination concerning those statements. The State then introduced two witnesses who testified to prior inconsistent statements. We conclude the district court did not err by allowing the prior inconsistent statements to be introduced into evidence.

Next, Devose argues that the district court erred in admitting photographs of him in jail attire and of his hands. The State argued that the photographs were relevant to show the lack of injuries to Devose's hands and to counter testimony regarding the extent of the injuries to his jaw. Generally, relevant evidence is admissible if its probative value is not substantially outweighed by the danger of unfair prejudice, NRS 48.035(1), and the decision to admit or exclude evidence lies within the sound discretion of the district court, *Daly v. State*, 99 Nev. 564, 567, 665 P.2d 798, 801 (1983). The district court noted the marginal relevance of the

photographs, taken multiple days after the incident and after medical treatment, but found there was no prejudice to Devose. We disagree with Devose's assertion on appeal that the photographs were "mug shots" that implied a past criminal record, as it was made clear the photographs were related to this, and not a prior, incident. Accordingly, we conclude the district court did not abuse its discretion in admitting the photographs into evidence.

Lastly, Devose claims that the district court erred in excluding evidence of specific acts of violence by the victim. The district court excluded the testimony based on Devose's lack of awareness of the specific acts of violence and based on *Daniel v. State*, 119 Nev. 498, 515, 78 P.3d 890, 902 (2003) ("[E]vidence of specific acts showing that the victim was a violent person is admissible if a defendant seeks to establish self-defense and was aware of those acts." (emphasis omitted)). Devose does not dispute his lack of awareness, but asks this court to revisit *Daniel*. We are unpersuaded by his argument, and therefore conclude the district court did not err in applying *Daniel* and excluding testimony of specific acts of violence by the victim of which Devose was unaware.

*Jury instructions*

Devose claims that the district court erred by failing to properly instruct the jury on self-defense. Devose argues the given instructions discussed whether a battery could be justified, not a killing, and that the instructions were unduly confusing and improper because they referred to defense of others, a theory not pursued by Devose, as well as self-defense. Devose failed to object to the jury instructions at trial, and "the failure to object or to request special instructions precludes appellate consideration." *Bonacci v. State*, 96 Nev. 894, 898-99, 620 P.2d 1244, 1247 (1980). However,

an appellate court has the discretion to address unpreserved, plain error. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003); *see also* NRS 178.602. In conducting plain error review, this court examines "whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green*, 119 Nev. at 545, 80 P.3d at 95 (2003) (internal quotation marks omitted). In examining the jury instructions as a whole, we conclude they are not incorrect statements of Nevada law and, even assuming some confusion resulted, do not amount to plain error. *See Gonzalez v. State*, 131 Nev., Adv. Op. 99, 366 P.3d 680, 686 (2015) ("The given jury instruction, while confusing, does not appear to be an incorrect statement [and] the district court did not commit plain error by giving [the] jury instruction.").

Devose further claims that the district court erred by instructing the jury on flight. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Here, testimony was presented that a witness was on the phone with 9-1-1 when Devose reentered the shared apartment, paced back and forth and knocked over furniture, but then told the witness not to tell on him and left. Because the State presented evidence from which the jury could reasonably infer that Devose's departure after the crime signified "something more than a mere going away," *Weber v. State*, 121 Nev. 554, 582, 119 P.3d 107, 126 (2005) (quoting *State v. Rothrock*, 45 Nev. 214, 229, 200 P. 525, 529 (1921)); *see also Carter v. State*, 121 Nev. 759, 770, 121 P.3d 592, 599 (2005), we conclude that the district court did not err in giving the flight instruction. Furthermore, even assuming the district court abused its discretion or erred by giving the

instruction, we conclude that the error was harmless because we do not discern from the record either "a miscarriage of justice [or] prejudice to [Devose's] substantial rights, and it is apparent that the same result would have been reached without the error." *Potter v. State*, 96 Nev. 875, 876, 619 P.2d 1222, 1223 (1980) (citation omitted); *see also* NRS 178.598.

*Prosecutorial misconduct*

Devose claims that the prosecutor committed misconduct during closing argument. However, Devose failed to object to any of the alleged instances of misconduct, and therefore we have the discretion to review for plain error. *Green*, 119 Nev. at 545, 80 P.3d at 985. "A prosecutor's comments should be considered in context, and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" *Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 414 (2001) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)).

First, Devose argues the prosecutor improperly vouched for a witness by conceding the witness gave inconsistent statements but arguing the witness had just been through a very traumatic experience and may not have known every single detail. Additionally, Devose argues the prosecutor's repeated use of the phrase "we know" inappropriately expressed an opinion and bolstered the credibility of the State's witnesses. We conclude the prosecutor's argument was a reasonable inference based on the evidence presented, summarized the state of the evidence, and thus does not amount to plain error. *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005) ("A prosecutor may not argue facts or inferences not supported by the evidence [but] may argue inferences from the evidence and offer conclusions on contested issues." (internal quotation marks omitted)).

 

Second, Devose argues the prosecutor committed misconduct by referring to his defense as a story made up to appease family members. Additionally, he claims the prosecutor inappropriately argued that he was motivated by his desire to get the last laugh or to gain respect. Both the State and Devose referred to the different versions of events as stories, and we conclude Devose fails to demonstrate that the use of the word "story" affected his substantial rights. Furthermore, "[t]he prosecutor ha[s] a right to comment upon the testimony and to ask the jury to draw inferences from the evidence, and has the right to state fully his views as to what the evidence shows." *State v. Green*, 81 Nev. 173, 176, 400 P.2d 766, 767 (1965). Therefore, we conclude the prosecutor's argument does not amount to plain error.

*Victim impact statement*

Devose claims the district court erred at sentencing when it allowed unsworn victim impact testimony regarding prior bad acts by Devose. NRS 176.015(3) provides an opportunity at sentencing for a victim's relative to express his or her views regarding the crime, the impact of the crime, the need for restitution, and the defendant. "Views on the defendant clearly encompass opinions as to the defendant's general character[, and] [s]ince an assessment of character usually turns in part on prior acts, this language permits some reasonable discussion of prior acts by the defendant." *Buschauer v. State*, 106 Nev. 890, 893, 804 P.2d 1046, 1048 (1990) (internal quotation marks omitted). If a victim impact statement includes references to specific prior acts of a defendant, we have required that the witness be under oath and that the defendant be given reasonable notice and an opportunity for cross-examination. *Id.* at 894, 804 P.2d at 1048. We conclude that the witness's vague mention of Devose

"[having] tried this before" does not trigger the protections outlined in *Buschauer* because there was no reference to a specific prior act of Devose. However, even assuming that *Buschauer* applied, we further conclude that any error in allowing the victim impact statement did not affect Devose's substantial rights and thus does not amount to plain error. *Green*, 119 Nev. at 545, 80 P.3d at 95. Accordingly, no relief is warranted on this claim.

*Cumulative error*

Lastly, Devose claims that cumulative error entitles him to relief. Having considered the appropriate factors, *see Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008), we conclude that no relief is warranted. Accordingly, we

ORDER the judgment of conviction AFFIRMED.


_____, C.J.
Douglas

_____, J.                    _____, J.
Cherry                                   Gibbons

_____, J.                    _____, J.
Pickering                                Hardesty

_____, J.                    _____, J.
Parraguirre                              Stiglich


cc:    Hon. Jennifer P. Togliatti, District Judge
       Dayvid J. Figler

SUPREME COURT
OF
NEVADA

(O) 1947A

10

Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

