IN THE SUPREME COURT OF THE STATE OF NEVADA

BARRY RASHAD HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76774

FILED

DEC 1 9 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping resulting in substantial bodily harm, assault, battery constituting domestic violence, and battery resulting in substantial bodily harm constituting domestic violence. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Barry Harris argues the district court improperly instructed the jury on flight as consciousness of guilt. We agree. A flight instruction is proper if there is admitted evidence of flight and the record demonstrates the appellant "fled with consciousness of guilt and to evade arrest." *Rosky v. State*, 121 Nev. 184, 199, 111 P.3d 690, 699-700 (2005). Here, there is no evidence that Harris fled with consciousness of guilt or to evade arrest. However, we conclude the district court's error does not require reversal of Harris's convictions because sufficient evidence in the record supports these convictions. *See Potter v. State*, 96 Nev. 875, 876, 619 P.2d 1222, 1222-23 (1980) (holding that a flight instruction error requires reversal only if the record indicates a miscarriage of justice or prejudice to the appellant's substantial rights).

Next, Harris contends there was insufficient evidence to support the substantial bodily harm enhancement to his kidnapping conviction because he inflicted bodily harm prior to the kidnapping. We

disagree. In reviewing the sufficiency of the evidence, this court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Guerrina v. State*, 134 Nev. 338, 343, 419 P.3d 705, 710 (2018) (emphasis omitted) (internal quotation marks omitted). The substantial bodily harm enhancement for a first-degree kidnapping conviction applies "[w]here the kidnapped person suffers substantial bodily harm during the act of kidnapping or the subsequent detention and confinement or in attempted escape or escape therefrom." NRS 200.320(1). Here, the jury considered multiple versions of Harris's altercation with the victim. Based on this evidence, a reasonable juror could have found that the victim suffered substantial bodily harm during the kidnapping. Thus, we will not disturb the bodily harm enhancement on appeal.

Finally, Harris argues that the district court erred in not giving his proffered jury instruction on kidnapping. We disagree. The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision to give or not give a specific jury instruction for abuse of that discretion or judicial error. *Mathews v. State*, 134 Nev. 512, 517, 424 P.3d 634, 639 (2018). Here, Harris's proffered jury instruction misstated the law. *See Mendoza v. State*, 122 Nev. 267, 274-75, 130 P.3d

176, 180-81 (2006). Therefore, we conclude the district court did not err in refusing to give the instruction.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Eric Johnson, District Judge
Mayfield, Gruber & Sheets
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Harris also argues that (1) his conviction of first-degree kidnapping resulting in substantial bodily harm should be reversed because the kidnapping charge included a deadly weapon enhancement and he was acquitted of deadly weapon use, (2) the district court erred in admitting the victim's statements to officers under the excited utterance hearsay exception, and (3) cumulative error warrants reversal. We have considered these arguments and conclude they are without merit.