CAROLYN FOREMAN, APPELLANT, *v.* ADRIEN VER BRUGGHEN, M.D., RESPONDENT.

No. 4800

February 9, 1965                              398 P.2d 993

*Keith C. Hayes,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent.

**OPINION**

By the Court, BADT, J.:

This appeal from a judgment on a directed verdict for the defendant physician in a malpractice suit seeks to have us overrule our former holding in support of the "locality rule" in Lockhart v. Maclean, 77 Nev. 210, 361 P.2d 670. This we decline to do for the reasons stated in that case. The trial court's direction for a verdict for defendant was based on that decision. In this there was no error. NRCP 50.

It is true that the first concurring opinion in that case stated that it "should not be taken as precluding us, in a proper case in the future, from re-examining said rule and, if necessary for the just determination of any specific case, reconsidering and possibly departing from its general application." It is also true that the second concurring opinion was based "not by establishing as a law of this state the 'locality rule,' but on the basis that the qualification of a medical expert to testify * * * is a question for the sound discretion of the trial court * * * and will not be disturbed on appeal unless a clear abuse of discretion is shown." In any event, we hold that in the absence of any evidence that the defendant's treatment was not in accordance with the standard of practice in the Las Vegas area, the granting of defendant's motion for a directed verdict was without error.

Appellant assigns error in the court's rejection of her offer in evidence of a group of medical texts under NRS 51.040 reading as follows:

"1. A statement of fact or opinion on a subject of science or art contained in a published treatise, periodical, book or pamphlet shall, in the discretion of the court, and if the court finds that it is relevant and that the writer of such statement is recognized in his profession or calling as an expert on the subject, be admissible in actions of contract or tort for malpractice, error or mistake against physicians, surgeons, dentists, optometrists, osteopathic physicians or surgeons, chiropractors, chiropodists, naturopathic physicians, hospitals and sanitaria, as evidence tending to prove the fact or as opinion evidence."[1]

Dr. Drury was loathe to testify that any of the texts offered in evidence was a "standard" text. The closest he would come was "fairly standard." He did not testify that any of the authors was an expert on the subject.

Respondent's objections to receiving the texts in evidence were based on two grounds. (1) He asserted that to admit them would be to "fly in the face of" the rule laid down in Lockhart v. Maclean, supra; that under Lockhart v. Maclean an expert witness could not testify unless he were familiar with the standard of practice in the locality, and, even if he did qualify in such respect, was subject to cross-examination; that an expert familiar simply with standards throughout the United States was not competent to testify; that to accept the offered texts in evidence would permit the testimony of persons who not only were not familiar with the standards of practice in the area but were not even sworn and were not subject to cross-examination. (2) The second ground of objection was that these texts dealt with herniated discs, which indicated "extrusions" but that in Dr. Drury's testimony nothing was said about extrusions but that the witness had found a "degenerated"

---

[1]Paragraph 2 of said section provides for notice of intention to offer such material at the trial. The statutory notice was given.

disc. This objection amounts to the objection that the material offered was not relevant.

While considerable doubt is thrown upon the question whether any of the writers of the respective texts qualified under the statute as being "recognized in his profession or calling as an expert on the subject," this objection was not raised, and counsel for respondent specifically waived such objection. We find no merit to the first ground of objection. NRS 51.040 was not in issue in Lockart v. Maclean. No medical texts were even offered in evidence in that case. It is noted that under the statute the material is competent, in the discretion of the court, if the court finds that the material is relevant and the writer of the statement contained in the treatise is recognized in his profession as an expert. Therefore, the exercise of the court's discretion was called upon to determine whether the offered texts were relevant.

The court took the texts home with him to examine over the night recess. He convened court at 10:45 next morning and announced that the objection was sustained as to all volumes offered, because he was bound by the decision in Lockhart v. Maclean. He noted that NRS 51.040 was passed in 1953 and Lockhart v. Maclean was decided in 1961, and that he must assume that the Supreme Court knew of the statute when writing that decision. The court made no mention of exercising his discretion on the objection made on the ground that the material was not relevant.

Accordingly, we find it impossible to place our stamp of approval on the ground for which the court excluded the medical texts. This, however, does not dispose of the matter. In the court below, for the convenience of the court and counsel, appellant's attorney prepared a list of the texts, with reference to volume and page, that he desired to offer. He was given permission to file the same, but neither the texts themselves nor any abstract from such texts was made a part of the record on appeal. The trial court urged at one point that a record be made of the offer. The court said: "What I am getting at, you have to have something in the record as to what you are

offering." But the matter rested there. The texts were never marked for identification, and no specific offer of proof was made. The texts form no part of the record on appeal.

In Charleston Hill v. Clough, 79 Nev. 182, 380 P.2d 458, the concurring opinion recited: "[I]f the defendant wished to make a record for later appellate review, an offer of proof was required. The record would then disclose what testimony would have been given had the court permitted further questioning. Such an offer of proof was not made. Accordingly, I do not believe that we are at liberty to guess what the evidence might have been and rule on the admissibility of such supposed evidence. Alamo Airways, Inc. v. Benum, 78 Nev. 384, 374 P.2d 684, NRCP 43(c). Thus, I would affirm the judgment below because the record does not contain the information necessary for us to rule upon the assigned error." Such has indeed been the consistent position taken by this court. We have no way of determining the relevancy of the offered texts without examining them. All the record discloses is a list of nine texts. We are unable to say that their rejection was an abuse of the court's discretion.

Appellant particularly assigns error in the court's order sustaining an objection to the offer of an article written by respondent. This should have been admitted as proper for purposes of impeachment, but the error is not prejudicial in view of the entire absence of any evidence that the respondent's diagnosis, pre-operation treatment, or post-operation treatment was not in accordance with the standards of the profession in the locality of Las Vegas. Lockhart v. Maclean, supra.

The judgment is affirmed.

MCNAMEE, C. J., and THOMPSON, J., concur.