SERGIO BURGEON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15114

February 21, 1986                              714 P.2d 576

*Morgan D. Harris,* Public Defender, and *Marcus D. Cooper,* Deputy Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction upon jury verdict of one count of second degree murder with the use of a deadly weapon. For the reasons expressed below, we affirm.

At appellant Burgeon's jury trial, the state presented testimony by Jesus Salas, the state's only eyewitness to the events which led to the death of the victim, Luis Badillo. Salas testified that he and the victim had driven to a local convenience store on the evening in question. The victim went into the store and Salas remained in the car in the parking lot. Appellant approached the vehicle and asked Salas if he wanted to buy a revolver. Salas told appellant that he did not have the money to purchase the revolver. At this

point, the victim returned to the car and entered the passenger's side of the vehicle.

Appellant was standing outside the car when another individual, Eddie Bustamante, approached the car, spoke to the victim, and hit the victim in the face. Salas testified that appellant attempted to stop the altercation between the victim and Bustamante and that Salas simultaneously put the car in reverse and began to back away. As Salas was backing up the car, Eddie Bustamante threw a beer can at the car, hitting the windshield. Finally, Salas testified that appellant then drew a gun and fired approximately three shots, one of which hit the victim in the head and killed him.

Appellant testified on his own behalf at trial. His testimony was consistent with Salas' with one major exception. Appellant stated that as the car was backing away, the victim had pointed a gun at appellant and Eddie Bustamante. Appellant, believing that his life was in danger, then drew his gun and fired.

Eddie Bustamante also testified at trial, and his testimony corroborated appellant's version of the events. In particular, Bustamante also stated that he and the victim disliked each other and had previously fought.

Appellant also presented the testimony of Luis Talavera, who had been standing in the parking lot of the convenience store during the altercation. Talavera testified that he saw the victim point a gun at appellant before appellant drew a gun.

Appellant's theory at trial was that he acted in self-defense. Before closing his case-in-chief, appellant's counsel moved to introduce evidence of specific acts of violence previously committed by the deceased victim for the purpose of showing that the victim was the likely aggressor. A detailed offer of proof was presented in support of the motion. Appellant's counsel also sought to call the victim's father to testify regarding his son's character and reputation for violent behavior. The state opposed both motions. The district court denied appellant's motions and refused to allow the testimony of the father relating to his son's reputation or the testimony of other witnesses concerning specific acts of violence attributable to the victim, for the purpose of proving the issue of self-defense. The court's ruling was apparently based on the fact that appellant did not have any knowledge of the victim's reputation or specific acts of violence. Appellant contends that this ruling was in error.

When it is necessary to show the state of mind of the accused at the time of the commission of the offense for the purpose of establishing self-defense, specific acts which tend to show that the deceased was a violent and dangerous person may be admitted,

provided that the specific acts of violence of the deceased were known to the accused or had been communicated to him. *See* State v. Sella, 41 Nev. 113, 138, 168 P. 278, 286 (1917). In the present case, appellant concedes that the specific acts of violence of the victim were not previously known to him. Since appellant did not have knowledge of the acts, evidence of the victim's specific acts of violence were therefore not admissible to establish the reasonableness of appellant's fear or his state of mind.

Appellant also admits that he did not have any knowledge of the deceased's general character. NRS 48.045(1)(b), however, permits the admission of evidence of the character of the victim of the crime when it is offered by the accused, whether or not the accused had knowledge of the victim's character.[1] Appellant's lack of knowledge of the victim's character was irrelevant to the issue of the admissibility of evidence of general reputation tending to prove that the victim was the likely aggressor. *See* State v. Jacoby, 260 N.W.2d 828 (Iowa 1977). Under NRS 48.055(1), proof of character may be established by testimony as to reputation or in the form of an opinion.[2] The character of the victim cannot be established by proof of specific acts. *See also* Government of Virgin Islands v. Carino, 631 F.2d 226 (3rd Cir. 1980) (interpreting similar federal statutes). Thus, although the district court correctly excluded evidence of the deceased's prior acts of violence, we conclude that evidence of the victim's general reputation would have been admissible. *See* State v. Helm, 66 Nev. 286, 300-01, 209 P.2d 187, 193-94 (1949); State v. Sella, 41 Nev. at 136-37, 168 P. at 285-86.

In determining whether the trial court erred in refusing to allow the deceased's father to testify concerning his son's reputation for violence, it is necessary to consider both the motion and the offer of proof made by the appellant in connection with such testimony. Appellant's counsel sought to call the victim's father to the stand with the following statement to the court: "And, lastly, I intend to call the father of the alleged victim in this case, Mr. Pedro

---

[1]NRS 48.045 provides in pertinent part:
    1. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
    . . .
    (b) Evidence of the character or a trait of character of the victim of the crime offered by an accused . . . .

[2] NRS 48.055(1) provides:
    In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or in the form of an opinion. On cross-examination, inquiry may be made into specific instances of conduct.

Badillo, to inquire of him, not specific acts of the prior conduct, but general character and reputation of his son for violent behavior." The state has conceded that the father's testimony concerning his son's general reputation for violence, if indeed the father has such knowledge, is admissible. We are simply unable to conclude from the record what, if anything, the father may have known on the subject. Appellant's counsel merely indicated he wished to inquire of the father about the victim's general reputation for violence. For all we may surmise, the father may have denied that his son had a reputation for violence. Since Appellant's counsel made no offer of proof as to the father's testimony we, like the trial court, can only speculate as to what the father may have said.

If the trial court sustains an objection to testimony sought for the consideration of the jury, it is the responsibility of the party against whom the objection is sustained to make an offer of proof that specifies what the party expects to prove by the proffered testimony. We have consistently held that this Court will not speculate as to the nature and substance of excluded testimony. Van Valkenberg v. State, 95 Nev. 317, 594 P.2d 707 (1979). If appellant desired to preserve for our review the testimony that he reasonably expected the jury to hear, absent the adverse ruling of the trial court, a detailed offer of proof was essential. *See* Foreman v. Ver Brugghen, 81 Nev. 86, 398 P.2d 993 (1965); McCall v. State, 97 Nev. 514, 634 P.2d 1210 (1981). As noted previously, no such offer of proof was provided to the district court. Appellant's failure to make an offer of proof as to what the father would have presented by way of testimony not only prevented this Court from reviewing the trial court's adverse ruling, it also deprived the trial judge of the opportunity to change or modify his ruling because of added enlightenment that frequently results from such an offer. We are therefore unable to conclude that the district court erred in refusing to allow the victim's father to testify.[3]

Moreover, it is clear from the record that the jury heard substantial testimony from both state and defense witnesses concerning the victim's gang-related activities of a violent nature.

---

[3]Obviously, we may not infer that the testimony of the father would have been favorable to appellant merely because of appellant's intent to have the father testify. To do so would effectively negate both the purpose and necessity of making an offer of proof since it could always be presumed that counsel would not intentionally call a witness who would provide testimony detrimental to the client.

We cannot conclude, therefore, that appellant was prejudiced by the court's ruling on the testimony of the victim's father.

Appellant's final contention has been considered, and is without merit. Accordingly, we hereby affirm appellant's judgment of conviction.[4]

---

[4]THE HONORABLE CLIFF YOUNG, Justice, did not participate in the disposition of this appeal.