# IN THE SUPREME COURT OF THE STATE OF NEVADA

WALTER KANEEKI CLARK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76529

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant argues the district court erred in denying his claims of ineffective assistance of counsel. We affirm the district court's order as to all but one of the ineffective-assistance claims. As to that claim, that appellant was deprived of his right to a direct appeal, we reverse and remand to the district court to comply with NRAP 4(c).

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). "Judicial scrutiny of counsel's performance must be highly deferential . . . [and] requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. We give deference to the district

19-38194

court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that counsel should have presented certain evidence to support his self-defense theory: the victims' prior convictions and monikers (Q-murder and Kraze) and the fact that one of victims had a stolen gun. Appellant asserts that in denying this claim the district court mixed up the facts relating to Q.H.'s criminal history with that of M.L. While it appears that the district court's order conflates the facts relating to Q.H.'s and M.L.'s criminal convictions, we conclude that appellant has not demonstrated deficient performance. Trial counsel testified at the evidentiary hearing that he knew of the victims' prior convictions, monikers, and the stolen weapon, but he chose to focus on the events of the evening rather than the victims' bad characters because the character evidence begged the question why appellant allowed the victims to be in his residence if he knew of their violent characters. Trial counsel also testified that he believed this evidence did not explain why one of the victims was shot in the back. Trial counsel's strategic decisions are virtually unchallengeable, and appellant has not demonstrated that they fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Given the testimony of the other witnesses regarding what happened in the yard, the forensic testimony that casings from only one gun were recovered, the detective's testimony that the gun possessed by one of the victims was stolen, and that the jury heard about the victims' criminal histories, monikers and stolen weapon when appellant testified, appellant also has not demonstrated a reasonable probability of a different outcome had trial counsel presented further evidence of the victims' prior convictions and monikers or the stolen weapon.

SUPREME COURT
OF
NEVADA

(O) 1947A

Appellant next argues that counsel did not understand the law regarding self-defense because he testified that evidence of the victims' bad characters was irrelevant under the facts. We conclude that appellant has not demonstrated deficient performance. The record does not support appellant's argument that trial counsel did not understand self-defense jurisprudence, rather counsel's strategy was to focus on the events of the evening as causing a reasonable fear of imminent bodily harm or death. *See Runion v. State*, 116 Nev. 1041, 1051, 13 P.3d 52, 59 (2000) (describing self defense); *Burgeon v. State*, 102 Nev. 43, 45-46, 714 P.2d 576, 578 (1986) (describing the admission of specific acts of the victim and character evidence relating to the victim for purposes of self-defense). This strategy reflects an understanding of the law regarding self-defense. And given the evidence presented at trial described above, appellant has not demonstrated prejudice.

Appellant next argues that counsel should have objected when the State suggested in closing argument that he had made up the monikers when in fact the monikers were in the police reports. We first note that appellant provides no cogent argument or binding authority in his opening brief regarding the prosecutorial misconduct that counsel should have objected to, and this alone provides a basis to conclude that appellant has not demonstrated deficient performance. *See Maresca v. State*, 103 Nev. 669, 672-73, 748 P.2d 3, 6 (1987). Even assuming that the prosecutor's argument was improper and should have been objected to, *see Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) (recognizing that a prosecutor may not call a witness a liar during closing arguments),[1]

---

[1]The prosecutor's statements were more nuanced than appellant credits. The prosecutor did not directly state that appellant was a liar or misstate any of the testimony at trial; rather, the prosecutor stated

SUPREME COURT
OF
NEVADA

(O) 1947A

appellant has not demonstrated prejudice given the substantial evidence of guilt.

Appellant next argues that counsel should have challenged the original aggressor jury instruction because appellant's testimony suggested that he was not the original aggressor. Appellant has not demonstrated deficient performance because this would not have provided a proper basis to challenge the original aggressor jury instruction given the evidence presented by the State. *See Runion*, 116 Nev. at 1051, 13 P.3d 52, 59.

Appellant next argues that counsel should have presented evidence that M.L. told police that appellant may have shot Q.H. because Q.H. was a threat to appellant. Appellant has not demonstrated deficient performance. Trial counsel testified at the evidentiary hearing that he believed M.L.'s statement was ambiguous about whether Q.H. was a threat before he came to the house or based on the fight in the yard. Trial counsel further asked M.L. during the trial if he made the statement, to which he answered no and testified that he did not believe the statement was true. Given the substantial evidence presented at trial as described above, appellant also has not demonstrated prejudice based on counsel's decision not to impeach M.L. with his statement to the police.

Appellant next argues that counsel improperly questioned Z.L. to suggest that she had recently fabricated her statement that Q.H. had placed a gun under a couch cushion when he arrived. Appellant argues that this opened the door to presenting Z.L.'s testimony from the codefendant's

---

appellant's testimony was the first time the jury heard the monikers Q-murder and Kraze. That statement is not a misstatement of the trial testimony. But the prosecutor's argument is troubling given the suggestion that appellant's testimony about the monikers was false when those monikers were in the police reports.

SUPREME COURT
OF
NEVADA

(O) 1947A

preliminary hearing. Appellant has not demonstrated deficient performance as the question asked of Z.L. was whether she had told the police what she saw to which she responded that this statement was in prior testimony, a non-responsive answer to the question. As she had changed her story to the police, it was a reasonable line of inquiry in cross-examination to focus on inconsistencies between her various statements to the police and testimony at trial. In redirect, the State clarified that she made this statement at the preliminary hearing for appellant's codefendant, and the district court admitted an excerpt of that testimony. Appellant also has not demonstrated a reasonable probability of a different outcome had counsel asked Z.L. a better or different question.

Appellant next argues that counsel should have objected to the prosecutor's statements in closing that Q.H. was not armed, appellant was the original aggressor, there was no evidence that Q.H. had a firearm outside of appellant's residence, and no evidence to suggest that M.L. had a firearm and pointed it at appellant. Appellant argues that the prosecutor misstated the facts and shifted the burden of proof to the defense. Appellant has not demonstrated deficient performance because the prosecutor's statements reflected the State's evidence at trial and did not impermissibly shift the burden of proof to the defense. The fact that appellant's testimony conflicted with the State's evidence does not mean that the State may not rely on the evidence it presented. Appellant further has not demonstrated a reasonable probability of a different outcome had counsel objected given the substantial evidence as described above.

Appellant next argues that counsel should have called attorney Andrew Leavitt to rebut the evidence of flight. Leavitt testified at the evidentiary hearing that appellant contacted him a couple of days after the shooting and inquired about turning himself in, but as no warrant had yet

been issued, appellant did not turn himself in. Appellant was arrested approximately one week later living in a room under another person's name. Appellant has not demonstrated deficient performance. Trial counsel testified that he did not believe Leavitt's testimony was relevant to flight because the flight occurred before appellant contacted Leavitt—after the shooting in appellant's yard, appellant left his own home and did not return. Trial counsel further testified that he was concerned the jury would hear this evidence and believe that appellant had "lawyered up." The decision not to call Leavitt as witness was not outside the wide range of professionally competent assistance. *See generally Miles v. State*, 97 Nev. 82, 85, 624 P.2d 494, 496 (1981) (recognizing that a flight jury instruction may be appropriate where the record reflects that "appellant's going away was not just a mere leaving but was with a consciousness of guilt and for the purpose of avoiding arrest"). Further, appellant has not demonstrated prejudice.

Appellant next argues that counsel should have called the codefendant, Terhain Woods, to support appellant's self-defense claim. Appellant has not demonstrated deficient performance. Trial counsel testified that he tried to discuss the case with Woods, but he ultimately chose not to call Woods because of concerns about Woods' mental state, Woods' attorneys did not want him to testify, Woods' responses were nonsensical and nonproductive when counsel spoke with him, Woods could have been impeached with his prior statements, and Woods had been aggressive and disrespectful toward the trial judge. Trial counsel's concerns were borne out in Woods' testimony at the evidentiary hearing. Appellant further has not demonstrated a reasonable probability of a different outcome had Woods testified at his trial.

Appellant next argues that counsel should have argued spoliation because water department employees found and handled the guns related to this incident. Appellant argues that had the water department employees not handled the weapons, DNA may have been found to establish Q.H. had a weapon. Appellant fails to demonstrate deficient performance because he did not establish "bad faith or connivance on the part of the government" or "that he was prejudiced by the loss of the evidence." *Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). Nothing in the record suggests that the water department employees were acting on behalf of the police. More importantly, any potential DNA evidence linking Q.H. to a gun would have been cumulative to Z.L.'s testimony that Q.H. placed a gun on the couch the night of the shooting. Moreover, appellant has not demonstrated a reasonable probability of a different outcome had trial counsel argued spoliation.

Appellant next argues that counsel should have moved to have the entire jury panel stricken or sought a mistrial during jury selection when a veniremember who worked at LVMPD said he had formed the impression that appellant was "guilty as can be" after overhearing a conversation at work. The district court dismissed the veniremember and then instructed the entire panel that his statement was not evidence and could not be relied upon. The court then inquired of the panel if anyone did not understand these instructions, and no one indicated a problem. Appellant has not demonstrated deficient performance because he did not show that the dismissed veniremember's comment was prejudicial such that a motion for a mistrial would have been granted or that the entire panel should have been stricken. *See Meyer v. State*, 119 Nev. 554, 563-64, 80 P.3d 447, 455 (2003) (requiring demonstration of prejudice to grant a motion for mistrial based on juror misconduct).

Appellant next argues that trial counsel should have sought a mistrial because the only empaneled African-American juror (Juror 2) told other jurors during deliberations that she felt scared and uncomfortable and did not want to continue serving as a juror. After the foreperson sent a note to the court, Juror 2 was canvassed individually. She indicated that she felt uncomfortable based on instances when persons potentially associated with the defendant ate at the same restaurant or talked to her about her shoes while at a vending machine during a break. Most of Juror 2's discomfort appeared to relate to fears that this trial could impact her work and lifestyle and she identified no specific threats or improper behavior. The court canvassed the rest of the jurors to ascertain whether they were influenced by her comments, and the trial court ultimately dismissed Juror 2 and replaced her with an alternate. Appellant has not demonstrated deficient performance because he did not show that a motion for mistrial would have had merit under these facts. *Id.* We further reject appellant's argument that race was introduced into deliberations. While Juror 2 expressed concern because she was the only African-American, she identified no conduct of the other jurors or any of the parties that would indicate race was an issue in deliberations. Further, the other jurors indicated that Juror 2's concerns did not impact their ability to deliberate.

Appellant next argues that this court should provide relief for based on the cumulative effect of multiple deficiencies in counsel's performance. Even assuming that multiple deficiencies could be cumulated for purposes of the prejudice prong, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), as there is only one arguable instance of deficient performance established, there is nothing to cumulate.

Finally, appellant argues that he was deprived of a direct appeal due to ineffective assistance of counsel. Although the district court

concluded that counsel was deficient in failing to file a notice of appeal, the district court denied relief because appellant had not demonstrated prejudice. We conclude that the district court erred as to the prejudice prong. Prejudice is presumed when a defendant was deprived of a direct appeal he would have taken but for counsel's deficient performance, and a defendant thus does not have to show the merits of any claims that could have been raised on direct appeal. *See Lozada v. State*, 110 Nev. 349, 357, 871 P.2d 944, 949 (1994); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 483-84 (2000). Thus, we reverse the decision on the appeal-deprivation claim and remand for the district court to enter a written order with the appropriate findings as required by NRAP 4(c). Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____ C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:  Hon. Eric Johnson, District Judge
     Resch Law, PLLC d/b/a Conviction Solutions
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.